Zheng v. Garland

BIA
Hom, IJ
A208 613 172

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of October, two thousand twenty-two.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> STEVEN J. MENASHI,
>       *Circuit Judges.*

_____

XUE KUI ZHENG,
>       *Petitioner,*

v.                                          20-733
                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Richard Tarzia, Esq., Belle Mead, NJ.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting Assistant Attorney General; John

S. Hogan, Assistant Director; Matthew A. Spurlock, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xue Kui Zheng, a citizen of the People's Republic of China, seeks review of a February 12, 2020, decision of the BIA, which affirmed a June 28, 2018, decision of an Immigration Judge ("IJ"), denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Kui Zheng,* No. A208 613 172 (B.I.A. Feb. 12, 2020), *aff'g* No. A208 613 172 (Immig. Ct. N.Y. City June 28, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "We review factual findings under the deferential substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to

conclude to the contrary." *Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(B)). "Legal questions, including mixed questions of law and fact and the application of law to fact, are reviewed *de novo*." *Id.* (quoting *Manzur v. DHS*, 494 F.3d 281, 289 (2d Cir. 2007)).

## I. *Pereira* Claim

In *Pereira v. Sessions*, the Supreme Court held that the Immigration and Nationality Act unambiguously requires a notice to appear to include a hearing time and place to trigger the "stop-time rule," 138 S. Ct. 2105, 2113-20 (2018), which cuts off an alien's accrual of physical presence for the purpose of qualifying for cancellation of removal, *see* 8 U.S.C. § 1229b(b), (d)(1). Zheng did not apply for cancellation but argues that, pursuant to *Pereira*, a notice to appear that omits the hearing information is inadequate to vest jurisdiction over the removal proceedings with the immigration court. We have rejected this argument, holding that *Pereira* addresses a narrow question regarding the stop-time rule and that a notice to appear "that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration

3

Court, at least so long as a notice of hearing specifying this information is later sent to the alien." *Banegas Gomez v. Barr*, 922 F.3d 101, 112 (2d Cir. 2019); *see also Chery v. Garland*, 16 F.4th 980, 987 (2d Cir. 2021) ("*Banegas Gomez* remains good law even after the Supreme Court's opinion in *Niz-Chavez* [*v. Garland*, 141 S. Ct. 1474 (2021)]."). Although Zheng's notice to appear did not specify a date or time for his initial hearing, he subsequently received proper notice of his hearings at which he appeared. Therefore, Zheng's argument is foreclosed by *Banegas Gomez*, 922 F.3d at 110–12.

## II. Timeliness of Zheng's Asylum Application

Zheng asserts that he submitted his Form I-589 as an attachment to an earlier change-of-venue motion, which was submitted to an immigration court within a year of his arrival. Petitioner's Br. 2. According to Zheng, the agency erred in ruling that he failed timely to file his application because (1) "the Immigration Court in Imperial, California did, in fact, stamp the Petitioner's motion containing his asylum application on March 1, 2016," and (2) "the text of [his motion to change venue] did, in fact, state that his

asylum application was attached to the motion to change venue." *Id.*

Our jurisdiction to review findings regarding the timeliness of an asylum application is limited to "constitutional claims or questions of law" and does not extend to questions of fact. 8 U.S.C. § 1252(a)(2)(D); *see also id.* § 1158(a)(3). If a petition "raises a 'constitutional claim' or 'question of law,'" the court "could exercise jurisdiction to review those particular issues." *Xiao Ji Chen v. DOJ*, 471 F.3d 315, 329 (2d Cir. 2006). We lack jurisdiction to review arguments that "amount to essentially a quarrel about the IJ's fact-finding with respect to the one-year deadline determination." *Gui Yin Liu v. INS*, 508 F.3d 716, 721 (2d Cir. 2007) (internal quotation marks and alteration omitted).

Under 8 U.S.C. § 1158(a)(2)(B), an alien must demonstrate "by clear and convincing evidence" that he or she filed an application for asylum (a Form I-589) within one year of arrival in the United States. *See also* 8 C.F.R. § 208.4(a)(2). In this case, the IJ ruled that Zheng "failed to satisfy his burden with clear and convincing evidence that he *filed* his

5

asylum request within one year from the date of his arrival in the US." Cert. Admin. R. 101. In making that ruling, the IJ noted that "the Change of Venue never indicated that the Form I-589 was being filed to preserve the one year filing requirement in the body of the text and there is no filing date stamp affixed to the Form 1-589 that respondent claims was attached to the Motion to Change Venue." *Id.* at 100.

The IJ's determination that Zheng did not comply with the one-year filing requirement was a legal determination. The IJ decided as a legal matter that an application attached to a change-of-venue motion is not "filed" absent the filer stating that it was attached for the purpose of satisfying a time limitation and absent a separate date-stamp on the application rather than the motion itself. Imposing such requirements is inconsistent with the applicable regulation, which provides that an asylum application is deemed filed "on the date it is received by the Immigration Court." 8 C.F.R. § 208.4(a)(2)(ii). We therefore conclude that the application was timely filed and proceed to the merits.

## III. Asylum

Although the IJ ruled that the asylum claim was untimely, in considering the removal claim, he discussed whether past persecution had occurred. CAR 101. Zheng's claim that he is entitled to asylum rests on his allegation of past persecution. He alleges that in 2015, after attending a religious meeting, he was detained and beaten. Before the IJ, Zheng testified that "they hit me with fists in my abdomen and kicked me on my thigh, my leg." CAR 26. He also testified that "I felt pain in my abdomen, and I got bruises on my leg." *Id.*

However, he failed to produce evidence from the clinic where he alleged he was treated. He testified that he "didn't think of doing that." CAR 55.

"Persecution is an extreme concept that does not include every sort of treatment that society regards as offensive." *Mei Fun Wong v. Holder*, 632 F. 3d 64, 72 (2011) (internal quotation marks omitted).

The IJ did not err in concluding that Zheng had not satisfied his burden of proving past persecution, especially in the absence of corroboration.

## IV. **Withholding of Removal**

Zheng challenges the agency's determination that he failed to establish entitlement to withholding of removal. *See* 8 U.S.C. § 1231(b)(3). "Withholding of removal is available if an applicant shows by a clear probability that he will suffer persecution in his country of removal because of his race, religion, nationality, membership in a given social group, or political opinion." *Singh v. BIA*, 435 F.3d 216, 218 (2d Cir. 2006).

The IJ reasonably determined that Zheng did not "present sufficient evidence to show that he has a ... well-founded fear of future persecution" and that he "did not meet his burden of presenting sufficient evidence to establish that he suffered past persecution." Cert. Admin. R. 102, 104. Having failed to show entitlement to asylum, Zheng necessarily failed to meet the higher burden to show entitlement to suspension of removal.

We have considered Zheng's remaining arguments, which we conclude are without merit. The petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court